Van Voobhis, J.
Defendant appeals from an order denying its motion to dismiss the complaint, and plaintiff appeals from an order denying its cross motion to dismiss the first three counterclaims contained in the answer. The ground of both motions is insufficiency in law.
The complaint alleges breach by defendant of a written agreement dated August 31, 1944, whereby defendant agreed to sell its entire output to plaintiff, consisting of ladies’ wearing apparel accessories. It is charged that, in violation thereof, defendant sold large quantities of such goods to others. The difficulty with the complaint is that said written agreement, which is incorporated therein, sets forth no meeting of the minds upon the price or prices at which said merchandise was to be sold. Paragraph “ Second ” of the agreement, in this regard, states merely that: ‘ ‘ The parties hereto agree that the price of each item sold by Comet to Friedman will be determined by mutual agreement between the parties hereto at the time that samples are being made and the cost of the same computed. ”
*263 The parties evidently anticipated that different designs would be developed or changed as time progressed, and that no legal obligation should arise until such time or times as samples were prepared embodying particular designs, and the cost thereof computed.
The complaint is barren of any allegation that samples were ever designed or in preparation, or that costs were computed respecting any type of such merchandise, although it does state in paragraph “ Eighth ” that plaintiff purchased similar goods from others “in excess of the prices at which the defendant had agreed to sell its goods to the plaintiff.” If so broad a generalization could be held to state that the price of each item to be sold had been determined by mutual agreement at the time that samples were being made and costs computed, as the contract ■required in order to render it effectual, such an interpretation of the complaint would be undermined and destroyed by the bill of particulars, the function of which is to limit the allegations of the complaint. Plaintiff’s bill of particulars states that the accessories which were to be sold were known as “ fascinators ” and “ shoulderettes ”, and that there were to be two types of each, viz., one variety consisting of 100% wool material, and another consisting of 50% wool and 50% rayon material. The bill of particulars states that the agreed prices were $6.40 per dozen for those fascinators or shoulderettes made entirely of wool, and $4 per dozen for those manufactured from mixed wool and rayon. The quantities to be manufactured of each variety were not specified, the bill of particulars stating merely that “ The quantity was the entire output of the defendant’s factory as rapidly as the defendant could turn out the merchandise. ’ ’ How much of each kind of separately priced merchandise was to be delivered is passed over in silence. It would have been a different contract, for example, if it had stated that defendant’s plant was to be devoted entirely to the production for plaintiff of all-wool fascinators and shoulderettes at $6.40 per dozen, from what it would have been if it had provided that such accessories should be produced only from rayon and wool at $4 per dozen, or if it had called for designated quantities of each. As the matter stands, the parties have left open the important element of what the defendant’s factory was to manufacture for the plaintiff, nor does the complaint or bill of particulars specify whether plaintiff’s contracts for resale to its customers, the inability to fulfill which caused the damage claimed, called for all-wool, or wool and rayon, or some specified quantities of each kind.
*264 The contract was, as has been indicated, merely an agreement to agree insofar as prices were concerned (St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N. Y. 30). If there were alternative prices, as the bill of particulars states, for different types of material, a meeting of the minds could not have been reached upon the subject of price, unless both parties came together upon the quantities of each that were to be supplied. Unless that occurred, a mere allegation that defendant agreed to sell and deliver to plaintiff its entire output would not disclose how much of each type was to be manufactured, nor could it be said that defendant agreed to operate its plant exclusively in the manufacture of such accessories from one material or the other, nor that plaintiff agreed to accept any particular kind of goods.
The contract annexed to the complaint further provided that defendant should share in plaintiff’s resale prices and “ that the amount of Friedman’s resale price shall be determined by mutual agreement in writing between the parties hereto.” There is no allegation that the minds of the parties met upon what such resale price or prices were to be.
Plaintiff’s motion to dismiss the counterclaim was properly denied in respect of the first and third counterclaims; the second counterclaim, however, should have been dismissed. It merely alleges the making of the agreement annexed to the complaint. It is based upon the alleged breach by plaintiff of an obligation alleged to have been contained in the agreement annexed to the complaint, to divide with defendant one half of the gross profit realized by plaintiff on resale of goods to be delivered, less fifty cents per dozen. This counterclaim is not based on sales that were made, but on anticipatory breach by plaintiff in failing to place orders. It is to recover profits which defendant claims would have been made if such orders had been placed. That agreement, it has been pointed out, is lacking in the essentials of a contract, particularly with reference to the price and quantities of types of goods to be sold. In the absence of any allegation that the parties subsequently agreed upon these vital ingredients of a binding agreement, there can be no recovery under a counterclaim based upon the efficacy of the written agreement for the same reason that there can be no recovery on it by plaintiff under the allegations of the complaint. Such allegations appear to be set forth in the third counterclaim, but are absent from the second.
The order appealed from denying defendant’s motion to dismiss the complaint should be reversed and the complaint should be dismissed, and likewise the order denying plaintiff’s *265 motion to dismiss the first, second and third counterclaims should be modified so as to strike out the second counterclaim, but otherwise affirmed. Plaintiff should he allowed ten days after service of a copy of the order to be entered herein, with notice of entry within which to serve an amended complaint, to which the defendant may serve a new answer.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur.
Order denying defendant’s motion to dismiss the complaint unanimously reversed and the complaint dismissed, with leave to the plaintiff to serve an amended complaint within ten days after service of the order, with notice of entry thereof, and the order denying plaintiff’s motion to dismiss the first, second and third counterclaims unanimously modified so as to strike out the second counterclaim, but otherwise affirmed. Settle order on notice.